UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

U.S. BANK, N.A.; U.S. BANK TRUST
COMPANY NATIONAL ASSOCIATION; BANK OF
AMERICA CORPORATION; LASALLE BANK        **MEMORANDUM & ORDER**
NAITONAL ASSOCIATION; BEAR STEARNS       25-CV-2321 (EK)(JAM)
ASSET BACKED SECURITIES I, LLC; BEAR
STEARS ASSET BACKED SECURITIES I
TRUST 2004-HE7; SELECT PORTFOLIO
SERVICES, INC.; AND MORTGAGE
ELECTRONIC RECORDS SYSTEMS,

                        Plaintiffs,


                -against-


FELIX ORTIZ,[1]

                        Defendant.

------------------------------------x

ERIC KOMITEE, United States District Judge:

        Plaintiff Felix Ortiz has filed a notice purporting to
remove a state-court foreclosure action to this Court.
Proceeding *pro se*, he now requests *in forma pauperis* status.
That motion is granted for the limited purposes of this order.
But for the reasons outlined below, this action is remanded to
the Supreme Court for the State of New York, Kings County.

## I.   Background

        Ortiz filed the notice of removal on April 25, 2025.
ECF No. 1.  The precise action Ortiz seeks to remove remains

---

[1] The caption on Ortiz's filing does not match that of any of the state
court actions he references.

unclear, given that he has not attached a state-court complaint.
The Court believes the notice concerns *US Bank, NA. v. Felix
Ortiz*, Index No. 511822/2023, which is a foreclosure action
relating to property located at 284 Jerome Street in Brooklyn.[2]
*See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d
150, 157 (2d Cir. 2006) (courts may take notice of filings in
other courts to "establish the fact of such litigation and
related filings").[3]

According to the state court docket, the foreclosure
action was filed on April 20, 2023 by U.S. Bank, and was served
on Ortiz on May 12, 2023.  Ortiz filed an answer on November 22,
2023, arguing that the plaintiffs lacked standing and asserting
counterclaims under 12 U.S.C. § 5511 and 18 U.S.C. §§ 1348 and
1962.  He also sought to file an amended answer on January 8,
2025 (which he styled as an "affidavit"), though he does not
appear to have obtained leave to file that amended answer.

## II.  Legal Standard

A defendant may, under 28 U.S.C. § 1441, remove a
state-court civil action to federal court.  An action is
removable "only if it originally might have been brought in a

---

[2] Ortiz's first exhibit is an order dismissing a 2008 Kings County
foreclosure action.  But his second exhibit is an amended answer, dated
January 6, 2025, from Index No. 511822/2023.  The Court therefore understands
the notice of removal to apply to the 2023 case, rather than the 2008 case.
[3] Unless otherwise noted, when quoting judicial decisions this order
accepts all alterations and omits all citations, footnotes, and internal
quotation marks.

federal court." 14C Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 3721.1 (rev. 4th ed.) ("Wright & Miller"). The removing party bears the burden of showing that the action could have been brought in federal court. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A court may remand a case *sua sponte* if the removing party fails to show that federal jurisdiction is appropriate. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-34 (2d Cir. 2006).

### III. Discussion

The notice of removal is defective. Ortiz does not show that this action could have been brought in federal court under federal-question or diversity jurisdiction. He therefore has not sufficiently established this Court's jurisdiction, and *sua sponte* remand is appropriate.

Ortiz does not show that removal is justified based on federal-question jurisdiction. To remove based on federal-question jurisdiction, a defendant must show that federal law is an "essential element of the *plaintiff*'s properly pleaded claim for relief." Wright & Miller § 3722.4 (emphasis added). Under this "well-pleaded complaint rule," a defendant may not remove a case merely by asserting a federal defense or counterclaim. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535

3

U.S. 826, 831-32 (2002).  Here, Ortiz has not alleged that the state court complaint contains any federal claims.  He simply points to his federal counterclaims, which are not enough to justify removal.  *Id.*

Ortiz also does not show that removal is appropriate under diversity jurisdiction.  To remove based on diversity jurisdiction, the defendant must show that the basic requirements thereof (as outlined in 28 U.S.C. § 1332) have been satisfied, and that "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought."  Wright & Miller § 3723 (citing 28 U.S.C. § 1441(b)).  Ortiz has not alleged the citizenship of the parties in the state-court action.  Nor has he alleged the amount-in-controversy.  Thus, he has provided no basis on which to invoke the Court's diversity jurisdiction.[4]

### IV.  Conclusion

For the foregoing reasons, this action is remanded to the New York State Supreme Court, Kings County.  The Clerk of

---

[4]  As a concluding note, the removal notice does not comply with several of the removal statute's procedural requirements.  For example, Ortiz did not file the notice within thirty days of receiving the initial pleading.  *See* 28 U.S.C. § 1446(b)(1).  He did not include copies of the original summons and complaint.  *Id.*  And he did not secure the consent of the other "defendants who [had] been properly joined and served."  *Id.* § 1446(b)(2)(A).  However, the Court does not rely on these procedural defects to justify remand.  *See Agyin v. Razmzan*, 986 F.3d 168, 181 n.15 (2d Cir. 2021) ("All of the circuit courts that have considered the question have concluded that a district court is prohibited from remanding a case *sua sponte* based on a procedural defect . . . .").

Court is respectfully directed to mail a copy of this order to Ortiz, and to note the mailing on the docket.  The Clerk of Court is also respectfully directed to close this case.


SO ORDERED.



    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    May 8, 2025
          Brooklyn, New York